it I'm Mr. Lawler morning your honor in this case defense counsel breached the standard of care and failing to give affirmative to affirmative advice to his client about the desirability of accepting a plea offer in this case beginning with Strickland your honor the Supreme Court has said that the right to counsel embodies of course the effective assistance of counsel through the years the circuits have said that that right to the effective assistance of counsel includes the right to the effective assistance of counsel during the plea bargaining process and of course the Supreme Court held the same in two cases recently the Lafleur vs. Cooper and Missouri vs. Fry decisions in this case the standard of care was breached when Mr. Stockton's trial counsel merely delivered to him an offer the facts in this case of course are that Mr. Stockton faced and did ultimately receive after trial a sentence of 40 years a sentence that was assured after conviction this was not a case where the ultimate disposition should have been a mystery to trial counsel given the nature of the charges in this case and Mr. Stockton's prior criminal convictions if Mr. Stockton was convicted as he was trial counsel should have been virtually certain that the sentence would be 30 years for the drug offense and a mandatory consecutive 10 years for the firearms offense that is the sentence that was ultimately imposed prior to trial the offer or offers. How do we even get to all of this? The procedural history here is somewhat long and torturous. Why why isn't your petition filed on February 5, 2009 a second successive petition for which there should have been permission asked to file it in the first place? Why do we even get to the merits of this? We get to the merits of this, your honor, for a couple of reasons. Number one, this is not a successive petition. Mr. Stockton filed a valid 60B motion in this case and I... Was that ruled on? It was ruled on. Where in the record was the 60B motion ruled on? Your honor, you'll have to... I can't seem to find that. You'll have to forgive me for failing to have the precise joint appendix site but after I filed I being Mr. Stockton's counsel in the lower court on his amended 2255, after I filed the amended 2255 after I was appointed in this case the government filed a motion to dismiss. I filed a reply to that and Judge Garbus denied their motion to dismiss holding that this was a valid motion for reconsideration going through the procedural history of the case. Before you even get to that, the first petition was dismissed on July 13, 2006. It's time barred. Right. So that was the first petition. It had been dismissed and then there was a second petition filed three years later. Yes, and if your honor... That was his second. Forgive me, your honor. As you indicated, the procedural history here is, I want to say that your honor used the word tortured or murky. Mr. It's a mess, isn't it? It's a mess, yes. It's a mess. Your best argument is that the judge found that the so-called second one was an amendment. It was an amendment. He found that was an amendment. He found that it was an amendment and if you track the procedural history here it's a stream of continuous events. Number one, the filing of the original motion by Mr. Stockton pro se that is dismissed as time barred. He files a motion for reconsideration. Judge Garbus calms the record and determines that, in essence, I think implicitly, that equitable tolling should apply because sentencing counsel agreed that they would file both an appeal and or a 2255. In this case, neither was filed. Judge Garbus then ordered the relief that an appeal be noted non-pro-tunk. This court found that that was not a proper remedy and What should he have done here? He should have permitted Mr. Stockton, as he ultimately did, to file the 2255 out of time, but this is not a successor and it is a valid 60 beacons. Well, he could have vacated the sentence and re-sentenced him and that would have given him an opportunity. He could have and I have seen judges... How is it not successive when it is after the first one was filed and there's no new evidence or new rule of constitutional law in your second petition? It's not a second petition, Your Honor, because there was never a ruling on the merits of a first petition. Judge Garbus was trying to restore Mr. Stockton to the place he originally was, which was at a place where he had an assurance from counsel that a 2255 would be filed. No 2255 was filed. Judge Garbus was trying to rectify that issue, which at that point in time is really a tolling issue. And ultimately here, the government invited the filing of a 2255 when they responded to Mr. Stockton's pro se motion and invited it yet again when, after I was appointed, agreed that there'd be no argument as to limitations. Do they contest that at all? The government, have they contested their agreement that you just recited? I think they have, inasmuch as they've argued that the amended motion does not relate back to the original motion. But they didn't present that to the district court. They did not. In relation back, Your Honor, is not a successive argument, but rather a tolling argument. The statute of limitations is not jurisdictional. It can be equitably... That's an affirmative defense. It's an affirmative defense, which was not only not... But they don't contest that What you said to the judge in your letter was that they're not going to raise any procedural arguments asking that the case be dismissed based on the timing of the petition. That's what you said in your letter, essentially. I don't want to... Has the government ever... Did they respond to that letter? They never did in the lower... That's not right. We didn't make any such agreement. No, they never did in the lower court. The only argument they made in the lower court was that it was a successor or a successive petition. Here, though, they have... That was rejected. That was rejected twice. How do we review what standard of review would be applied or should be applied to Judge Garbus's ruling that that was an amendment to the initial pro se petition? I'd like to say otherwise, Your Honor, but in all candor, I think that's a matter of law that should be reviewed de novo. Are you wanting a ruling on the claims made in the original petition? No. There's only a... The only substantive issue here deals with the effective assistance of counsel during the plea bargaining process, which was not raised by Mr. Stockton in his original petition. It was only raised... You've abandoned the original claims, and now you want to proceed just on the ones in the amended petition. For purposes of this appeal, that's correct. But the original petition raised an ineffective counsel argument. He raised ineffective assistance of counsel. I don't know that he raised... You're raising an ineffective assistance of counsel. That's right. I don't know that he raised the precise issue that I've raised here. Why do you abandon your client on that point? Well, I'm not... He raised ineffective assistance of counsel in his letter. He did. In a pro se letter, which we construed liberally. He did. And you came in and specified it for him. He got a lawyer who came in and spelled out a little bit more. Yeah, I suppose I'm... Yeah, I think you're right. Perhaps I've overstated the notion of abandonment. But, yes, this is an amendment and a flushing out of a claim by Mr. Stockton, who's the original motion. Obviously, he lacks... Do you have any case law on the standard of review on whether that's... on the judge's ruling that that's an amendment? I'm afraid I do not. The government cites a case in the Eighth Circuit. Have you looked at that one that they cite? They don't cite anything in this court, from this court. They cite a case from the Eighth Circuit. Your Honor, I would think that the notion of whether something relates back is a factual issue and not a legal issue and should be assessed on a clearly erroneous standard. Well, the footnote in the case that the government cites, they say it's de novo. The footnote in the case that they cite talks about Rule 15 of the civil rules, which also, I think, Judge Garbus mentioned. And the footnote says it's abuse of discretion on the characterization of it as... on dealing with an amendment. Yes, Your Honor. We review it for abuse of discretion. So you think it's clearly erroneous or de novo? No, I would think that that embodies a factual element, and it must, Your Honor, as we were discussing at the beginning of this portion of the argument, there's a detailed factual and procedural history here. I don't think that this is a simple, plain error of law that ought to be reviewed de novo. I think that this embodies, particularly in this case, a detailed factual procedural history about the notion of whether something is an amendment and relates back. I don't think the court needs to concern itself with all respect... Well, the relates back argument, you say, has been waived. And that's exactly my point. I think the government has waived that affirmatively, and not just as a matter of waived it by not raising the tolling or limitations in the lower court, but by affirmatively inviting Mr. Stockton to raise his issues substantively in a 2255, which they said will then reach the merits of these claims, and then in their lack of a response to my letter, which concerns the conversations that I had with the government about the fact that there'd be... You say they've waived the relates back argument, and they're barred from raising anything about second successive. That is our argument, correct, Your Honor. And barred from challenging the amendment because of their promise. Because of their promise and because of their implicit statement in response to Mr. Stockton's 60B motion that Mr. Stockton should simply file a 2255, and the court ought to then, after the government replies, address the substance of Mr. Stockton's complaints. There was no procedural argument made then. There was no procedural argument made concerning timing in my conversation with them, and then in follow-up to the letter I wrote to the court, advising Judge Garbus of that conversation. So I'd say that it's not only a matter of failing to have raised it, but this is almost in an invited error situation, where they've asked Mr. Stockton to file substantive claims, invited me to do the same, and then only after those claims are filed, raised only one of the issues that they've raised before this court, being that it's a successive petition, and did not even raise in the lower court the notion that the amended petition does or does not relate back to Mr. Stockton's original 2255. Concerning the substantive allegation here, though, Your Honor, that Mr. Stockton's trial counsel was ineffective, the Supreme Court has said, as I indicated, that the standard of care is one of competence to be assessed by the standard of care that is in the community. It's the accepted standard for really any malpractice-type situation. The Supreme Court also noted, and the expert in the lower court testified, that more than 90% or 95% of cases end in guilty pleas in federal court. What you had here was the naked... But that issue that y'all tried to raise kind of convoluted it. Whether the lawyer was obliged to recommend he accept the plea offer. Yes, Your Honor. Why would a lawyer be obliged to recommend he accept the plea offer if a lawyer didn't agree with it? Why would a lawyer be obliged to give him competent advice on whether to accept the plea offer? You're absolutely right, Your Honor. I mean, I've had a lot of plea offers for clients that I'd recommend they not accept. You're not obliged to recommend accepting a plea offer just because the government made one. You're correct. You're obligated to... But the way that question's framed in the certificate of appealability is upside down. Well, I think in this case, Your Honor, there's a working premise, if you will, that competent counsel would have, in this case, advised recommending the offer. That was certainly our claim. The lawyer may have thought he was going to win. The lawyer would have been... The lawyer may have thought he could win. They were wanting, what, 10 or 12 years. The lawyer would have been very, very wrong to think he was going to win this case. And I don't believe that the record supports the notion that the lawyer believed he was going to win. Rather, the affirmative testimony by trial counsel in this case was that he did not view it as his professional obligation to make any recommendation whatsoever. Had he said, I think I'm going to win, you should turn this offer down, we'd have a clearly different issue in this court. But the issue here is that trial counsel believed he owed his client no duty in regards to that. I think he did owe his counsel... I thought he said it was a good offer. He said it was a good offer, which is woefully deficient, Your Honor. Well, that's a... It's woefully deficient generally, and it's woefully deficient based on the facts and circumstances of this case, a client with a seventh-grade education facing a definite 40 years of incarceration when the plea offer encompassed something that would provide no more than 10 years of incarceration. I see that my time is up, and I've reserved five minutes for Obama. Thank you, Mr. Lawler. Mr. Warwick. Good morning. May it please the Court. I've been with this case a long time. I've been with this case a long time. I took over as co-counsel during the plea negotiation in this process and had the pleasure of interacting with the trial counsel as well as with Mr. Stockton, my co-counsel and I, Ms. Smith, took every reasonable step to inform both counsel and the defendant of the nature of the evidence that was going to be presented as well as to communicate the offer and the ramifications that would possibly flow if the offer was rejected. And in that vein, the record is clear below, and Judge Garbus could not find otherwise, that there had been a succession of efforts that were intended to inform Mr. Stockton of the maximum penalties that began with his arraignment. It proceeded through his detention hearing. It continued with the first plea offer, which was rejected. Then it was again summarized and amplified in the March 2001 meeting that my co-counsel and I had with trial counsel yesterday. By leading with this argument on the merits, are you conceding that we've reached that issue? No. The government's position is and has been that the district court lacked jurisdiction to entertain this successive petition. What Ms. Smith did in the court below was to notify Judge Garbus that the government would not object to the filing of any papers by Mr. Stockton because the government, in an abundance of fairness, wished to review what he had to say. Now, what does that mean, you wouldn't object to the filing? He could file whatever he wanted, but the government would raise any jurisdictional issues. He didn't need your permission to file something, did he? Absolutely not. But there had been a tortured history as the court has recognized. But the letter went to the judge, from Mr. Lawler, I suppose, that said that the government agreed not to make any procedural argument asking for the case to be dismissed based on the timing of the petition. And the government has not contested the accuracy of that. Well, the government in March of 2009 filed a motion to dismiss. I know you did, but you did not contest the accuracy of that representation. And if the government represented that, and it undisputably on this record did, the government has to do what it says it's going to do. My recollection... You cannot, on behalf of the United States, speak out of both sides of your mouth. You got to say, you got to do what you're going to do. Say you're going to do. Absolutely. We have to, courts have to be able to rely on that. Well, in judging my recollection of the events... You know, you may... If you got a good enough case on the merits, prosecutors do that kind of thing. Absolutely, because we'll take a look... But it looks like you did. Otherwise, you would have written a letter back to the judge and said, that's not our representation to counsel. He is wrong, or he misunderstood, or he's misstated, or he's something like that, and that was never done. Well, Your Honor, I think the government adequately presented its position, not in the form of a return letter to Mr. Lawler, which was made part of the court file, but with the March 2009 motion to dismiss. The question is whether that motion to dismiss is contrary to what you'd already agreed to do. That's the point I'm getting at. My understanding of Ms. Smith's conversations with Mr. Lawler was that we were not waiving any jurisdictional arguments that the government could make, namely that this was a successive petition. Did you ever raise a question of relation back in the district court? The question of relation back was not raised. The government took the position that... That's raised on appeal. Yes. That was not raised in district court. Did you ever... Did you ever take on the question of whether the judge had the right to deem that second submission and amendment to the first one? The government took the position that the court was without jurisdiction, that this court, the circuit court, was the only entity that could grant jurisdiction. You said it was a second successive... It was a second... The judge ruled that it was an amendment. Did you challenge that at all? Yes, we did, and we told Judge Garbus that his ruling that, or his construction, that the papers were an amendment to the first petition was a way to circumvent this court's dismissal of the appeal on this matter in... In the Nonce-Proton Court. In July of 2007. In the Nonce-Proton Court. And what happened after that, in terms of the correspondence and the give-and-take between Rolando Stockton and the court, was that the district court... The defendant filed a 60B motion. The court said, well, you haven't even requested an appeal, and the issues that you've raised were adjudicated on your first appeal. And then the defendant came back and said, well, you know what? I think I want an appeal. And then Judge Garbus directed the clerk of the court to accept the filing of a notice of appeal Nonce-Proton. And that's what put the procedural... You said that was out of time. The government's position was that it was out of time, and this court had also found that in July of 2007. So the government has steadfastly maintained... How did you deal with the judge's ruling that this was an amendment to the first petition? To the petition. The government reasserted its objection, saying there is no jurisdiction. What did you do on appeal here? On appeal, we have raised both the procedural aspect of it and that it does not relate back. What's the standard of review on whether it's a proper amendment or not? De novo, I believe, Your Honor. Well, but the case you cite that is de novo is an Eighth Circuit case... That's correct. ...that says it's abuse of discretion. Well... Look at it. But in construal... The page you cite says it's abuse of discretion, in the footnote. The government also cited this... How did the judge abuse his discretion, if it is abuse of discretion? The court abused its discretion in fashioning a remedy for Mr. Stockton that did not properly exist. There was no jurisdiction, and the only way for the district court to create jurisdiction... If it's an amendment, there is jurisdiction. He said it's an amendment. But for something to qualify as an amendment, there would have to be a clarification or an amplification of something that had been previously filed. And the issues that were raised and that are before the court on the substantive side of things here were neither an amplification or a clarification of what had previously been filed. Judge Garbus also noted that... You don't argue that in your brief. You just start with the proposition that it's second successive. The conclusory point... That doesn't go to whether the judge was right or wrong on his characterization of it or finding of it to be an amendment. Well, the government also argues that it did not relate back, and it was not an appropriate amendment. The relation back point, you've already admitted you waived because you didn't raise it with Judge Garbus. We generically held fast to the position that the court was without jurisdiction. The government may not have clarified each and every ground that it could have raised in support of its motion to dismiss, but the government did not ever waive its jurisdictional challenge to the successive petition. So your position is the government never represented that it was going to waive an objection to new claims. That is correct. That is correct. What the government did was, Mr. Stockton can file it. The government will preserve its ability to raise any defenses and any objections to it, and that was clarified in the March 2009 motion to dismiss, which was denied by Judge Garbus. With regard to... Did you specifically refer to that letter? No, Your Honor. Did you ever deny making the statements in the letter? It's my recollection that Ms. Smith, my co-counsel in conversations with Mr. Lawler, said, have your client file it. We're not going to waive any jurisdictional defenses, but... But that's not what this letter says. That's correct. The letter says we'll not make any procedural argument, procedural argument, asking for the case to be dismissed based on the timing of the petition. That is the, in quotation marks that I have here, lifted from the letter. That the government said, which it never denied, disputed, amended, repudiated, anything. But on this record... Perhaps the government... Do you agree you're bound by that? I do not. And I'll explain why, Your Honor. You don't agree you're bound by it? Perhaps the government... What happens if you are bound by it, then? Well, I don't believe the government should be bound by an assertion by defense counsel where the court has not specifically requested the government explain its position. The government usually replies to inquiries from the court, and not necessarily to every allegation made by counsel. The government did file an appropriate motion to dismiss, and that encompassed all the arguments that Ms. Smith represented that the government would preserve, and that is there was no jurisdiction for a successive petition. I guess the point I'm making, Your Honor, is that counsel can have give and take back and forth. Do you agree that there would be jurisdiction if, hypothetically, the judge was right that it was an amendment? I don't see how there could be an amendment. No, no. I understand what the court is asking. Except hypothetically, the proposition that the judge was correct, acting within his discretion, in characterizing it as an amendment, is there then jurisdiction? If there was an appropriate amendment, an amplification or clarification, rather than the raising of a new issue, then the district court might have a valid argument in saying there was no need to go to the circuit court for permission. I don't think that... So your first, if that's correct, your first task in this appeal is to convince us that the judge's ruling that it was an amendment was erroneous. Do you agree with that? Yes, Your Honor, because... And you don't take that on. In your brief, you skip that step. You skip that step completely and go to where you want to be from that step. That is, that it is a second and successive petition, rather than what the judge ruled it to be. Without saying that the judge erred and we need to find any abuse of his discretion, which is what the case says, you just skip that step. How do you get around not going through that step? Well, the government did and has argued in its brief that the construction by the district court of the subsequent filings as an amendment to the first petition was a creative way of getting around this court's prior dismissal of the appeal in July of 2007. The government has always maintained that that was the intent of the district court, was to get around this court's dismissal of that appeal. And if the court wishes, I'd like to just briefly go into some of the merits of the ineffective assistance of counsel argument raised by Mr. Lawler. I guess the first thing that strikes me as odd is that the analysis by a defense attorney of the evidence and the communication by that counsel of an offer with the comment that I think it's a good offer or a reasonable offer, but it's your decision, you're the client, you're the one that has to decide to accept or to reject the offer. And where that is ineffective, I think it belies common sense, I think it belies what is one of the basic principles in our criminal justice system, and that is it is the accused who has the ultimate decision as to whether to plead guilty or to put the government to the test in making the government prove its case. In this instance, Rolando Stockton was insistent upon a trial. He consistently maintained his innocence. Through the pretrial process, he testified at trial that he was innocent. He maintained his innocence at the sentencing hearing and at subsequent post-trial proceedings. The fact of the matter is it would be unethical, I submit, for a defense attorney to force or coerce or browbeat a client into accepting an offer that the client didn't feel was in his or her best interest. And I think that that's the crux of what Mr. Lawler is asking this court to dismiss. And, for instance, there are also situations in a Rule 11 colloquy in which the court routinely inquires of a defendant, did anybody force or coerce you into pleading guilty? Or the inquiry that's commonly made in my district to defense counsel, counsel, are you aware of any situation which the court should know that would impact on your client's ability to freely and voluntarily enter this plea? If the defense attorney coerced the client because the attorney felt this was in the best interest of the client, that would skew the process. It's inappropriate. The decision must always be with the defendant. The attorney's obligation is to lay out the pros and cons, explain the evidence, and where appropriate, render a recommendation. I think this is a good offer. That was such a recommendation. But still, the decision ultimately rests with the defendant. And that was what Mr. Stockton decided to do. It was his decision, and he has maintained steadfastly his innocence. There is no remedy available on the facts. Judge Garbus, in this protracted hearing, was looking, I suggest, for an opportunity to provide relief to Mr. Stockton. That relief could not be granted on the record that was made in the district court. The findings by Judge Garbus are clear. There was no ineffectiveness on the part of trial counsel, and Judge Garbus' findings are clearly not erroneous. Does the court have any other questions for me? Thank the courts for its time. Thank you. Mr. Lawler. Judge Thacker, just to answer a question that you posed during my original argument, at page 102 of the joint appendix, Judge Garbus denied the government's motion to dismiss, where at page 108 of that appendix, he said to grant that motion, given the facts and circumstances of this case, would be unconscionable. At page 337, in the course of denying the substantive relief, he again reiterated the basis for the denial of the motion to dismiss. I'm not familiar with a standard overview of unconscionableness. Well, I think that goes to the issue here, whether or not this is a valid 60B motion, or whether or not it is a successor, and whether or not the court should apply equitable tolling. Saying something like that is how you avoid ruling on the merits and articulating the basis for your decision. I don't think it is, Your Honor. I think it is to emphasize the notion not to dismiss Mr. Stockton's 60B motion, based on what occurred in this case, where there was no substantive merits opinion by the lower court, and given the fact that an attorney stood before the court at Mr. Stockton's resentencing hearing and said, I assure the court and Mr. Stockton that I will see that his appeal and his 2255 are filed, and then did not follow through on that promise to the court and Mr. Stockton, and then the tortured procedural history, I think Judge Garbus was for a point of emphasis saying that a motion to dismiss was not a proper resolution of this matter. And again, Judge Thacker, in terms of whether or not this is a successor petition or a 60B, we're not talking about the relitigation of claims. All of the prior pleadings that Mr. Stockton filed were either denied or granted in a procedural form. Judge Garbus never reached the substantive claims made by Mr. Stockton in his Pro Se 2255, which is a handwritten motion raising ineffective assistance to counsel, which is at page 23 of the supplemental joint appendix. But originally there's a dismissal for a failure to file this in a timely fashion. Upon a motion for reconsideration, Judge Garbus looks and recalls the promise made by counsel at the sentencing hearing and tries to effectuate relief by entering the appeal non-proton. This court dismisses, and then Mr. Stockton files a 60B motion seeking clarification essentially of the status of his original 2255 rather than an effort to evade the dismissal of his appeal by this court. Mr. Stockton is seeking clarification of his standing on his original 2255, the merits of which have never been reached. In response to that, the government says, not that this is out of time, not that this is a successor. What they say at that point in time is, have him file. In response to one of Judge King's questions, you said you were abandoning the arguments raised in the first petition on ineffective assistance. No, Your Honor. What I should say is, Mr. Stockton filed a letter, 2255, which raised generally 2255. And in essence, and again, bearing in mind the liberal construction of a 2255 by a pro se defendant, particularly in this case, a handwritten letter by a gentleman with a seventh grade education, the appointment of counsel is obviously the amplification and clarification of a very admittedly broad claim. But I should say that there's no, Mr. Stockton did not raise the precise claim that's being raised here. So abandonment was perhaps the wrong choice of words and amplification or clarification of what he filed. And how does it relate back, the second petition? It relates back because he raised globally a claim of ineffective assistance to counsel to the best of his ability. But again, Your Honor, rather than seeking to evade this court's dismissal of the appeal, Mr. Stockton seeks clarification of his standing in response to which the government says, please go ahead and file and we will reach the merits of those claims, contrary to their assertion here that they say, well, we're going to maintain procedural arguments. And finally, Your Honor, this is not a matter of coercing a client into taking a plea. This is a matter of taking the necessary time to provide competent advice about the quality of an offer. So the issue is, is this a good offer? It is. The next most important discussion with this client or any client is why is this a good offer. It's a good offer because you're looking at 40 years in jail. It's a good offer because you're going to lose this trial. It's a good offer because instead of those two things, you can be home in less than 10 years. Thank you. Thank you, Mr. Lalor. I note that you're court-appointed. We appreciate very much your undertaking representation of this client. My pleasure, Your Honor. We'll come down and greet counsel and then go into the next case.
judges: William B. Traxler Jr., Robert B. King, Stephanie D. Thacker